CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 18 2008

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| FREDDY ABAD, ) | |
| Plaintiff, ) | Civil Action No. 7:07-cv-00405 |
| ) | |
| v. ) | MEMORANDUM OPINION |
| ) | |
| DAVID ROFF, et al., ) | By: Hon. James C. Turk |
| Defendants. ) | Senior United States District Judge |

Freddy Abad, a federal inmate proceeding pro se, filed this action pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), and the Federal Tort Claims Act, 28 U.S.C. §§ 1346 and 2671-2680 ("FTCA").[1] Abad requests declaratory, injunctive, and monetary relief. The court has summarily dismissed several of Abad's claims. By Order entered December 14, 2007, the court dismissed all of Abad's claims under Bivens against the United States as a defendant and all of Abad's claims under the FTCA against defendants Roff and Fish. Accordingly, the only remaining claims are the Bivens[2] claims against Roff and Fish and the FTCA[3] claims against the United States. The case is presently before the court on defendants' motion to dismiss or, in the alternative, for summary judgment. For the reasons set forth below, the court will

---

[1] Abad's original complaint named only David Roff and Irwin Fish as defendants. By Order entered September 26, 2007, the court granted Abad's motion to amend the complaint to add the United States of America as a defendant.

[2] In order to state a viable claim under Bivens, a plaintiff must allege that a person acting under color of federal authority deprived him or her of a constitutional right or of a right conferred by a law of the United States. 403 U.S. at 392-94. An action under Bivens is almost identical to an action under 42 U.S.C. § 1983, except that the former is maintained against federal officials, while the latter is brought against state officials. See Carlson v. Green, 446 U.S. 14, 24-25 (1980).

[3] The FTCA is the exclusive remedy for suits against the United States caused by the negligence of a government employee under circumstances in which a similarly situated private individual would be liable for such negligence acts. See 28 U.S.C. § 2679(b). Specifically, the FTCA provides, in pertinent part, that the United States may be held liable for personal injury "caused by the negligent or wrongful act or omission of any employee of the Government while acting under the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1).

grant defendants' motion.

## I.

The events pertaining to this action occurred at Abad's current place of incarceration, the United States Penitentiary in Lee County, Virginia ("USP Lee"). Specifically, Abad alleges that the medical care he received from Irwin Fish, USP Lee Physician's Assistant, was insufficient concerning a "urinal deficiency" and a surgery performed on Abad's head. (Compl. at 2.) Abad first alleges that Fish "dismiss[ed] the plaintiff['s] [complaints of] urinal deficiency" and refused to provide him with medication to alleviate the problem. (Compl. at 3.) He also alleges that Fish committed malpractice when he performed surgery to remove a "lump" from the back of Abad's head. (Compl. at 3.) Abad contends that Fish removed one "lump" that left a permanent scar and failed to remove "two other lumps . . . on the rear area of plaintiff[is] head." (Compl. at 3.) Abad alleges that he suffers from constant pain in that area and complains that, subsequent to the surgery, Fish refused to provide him with "some form of pain [medication] to relieve the pain that accumulated from the inconclusive surgery." (Compl. at 3.) Abad further complains that he was denied an examination by "an outside specialist" as to these medical complaints. (Compl. at 3.) Finally, Abad contends that David Roff, USP Lee Health Service Administrator, is a proper defendant as it was "his obligation to assure [sic] that the proper medical care was administered" and "his acts and omissions, between November of 2006 [through] January of 2007[,] caused the plaintiff cruel and unusual punishment through the denial of medical care." (Compl. at 4.)

Defendants disagree with Abad's version of events and explain that Abad was transferred to USP Lee on March 2, 2006, with a medical history of only hemorrhoids and constipation, but no

other listed medical problems. Abad's prescriptions included Doxazosin[4] and Calcium Polycarbophil[5]. Abad first complained of urinary problems at USP Lee on March 17, 2006. Physician's Assistant Fish immediately arranged for Abad to be placed in a dry cell with a urinal to monitor Abad's urine output. During the three-hour observation period, Abad produced 200 cubic centimeters of urine, which was determined to be a normal amount. On May 19, 2006, Abad was evaluated at sick call after his complaints of frequent urination and demands to be sent to an outside medical facility. Fish examined Abad and informed him that the urine test results from the March 17, 2006 observation were negative. Fish advised Abad that there was nothing physically wrong with him. Fish also determined that a visit to an outside medical facility was not clinically necessary.

Abad was again evaluated at sick call on October 17, 2006, after complaints of a lump behind his right ear and frequent urination. Fish examined Abad, noting a lipoma[6] on the back of Abad's head and ordering a procedure to remove it. He again ordered that Abad be placed in a holding cell to monitor urine output and to determine any pathology. During the eight-hour observation period, Abad produced 1,100 cubic centimeters of urine, which was determined to be a normal amount.

On October 18, 2006, Fish performed surgery to remove the lipoma from Abad's head. The surgery was completed without difficulty, the area was sutured, and upon removal of the sutures on October 25, 2006, it was noted that the wound was healing well.

---

[4] Doxazosin is used in men to treat the symptoms of an enlarged prostate, which include difficulty urinating, painful urination, and urinary frequency and urgency. See http://www.nlm.nih.gov/medlineplus/druginfo/medmaster/a693045.html.

[5] Calcium Polycarbophil is a fiber laxative. See http://www.webmd.com/drugs/drug-6278-Polycarbophil+Calcium+Oral.aspx?drugid=6278&drugname=Polycarbophil+Calcium+Oral.

[6] A lipoma is a common, benign tumor composed of fatty tissue. Lipomas are soft to the touch, usually moveable, and are generally painless. They grow very slowly, and in rare cases can become cancerous. See http://en.wikipedia.org/wiki/Lipoma.

On November 28, 2006, Abad complained about a lesion on his scalp near the surgical site and complained of lumps in the same area. He again complained of urinary problems and demanded to be sent to an outside hospital for testing. Fish noted scar tissue at the site of the lipoma removal and explained to Abad that the scar tissue would be present during the duration of Abad's life. Fisher further documented that Abad had been thoroughly examined and tested for his urinary complaints and that nothing was physically wrong with Abad. Fish also offered to take a urine sample on that date, but Abad refused.

On December 6, 2006, Abad was examined by Dr. Allred, USP Lee's Clinical Director, after continued complaints of urinary frequency. Allread evaluated Abad and noted that the previous urinalyses were unremarkable. Allread also noted that approximately thirty minutes after voiding, Abad voided 30 cubic centimeters of urine. A Foley catheter was inserted without difficulty and only a trace (two to three cubic centimeters) of urine was removed. Within minutes, Abad complained of the need to urinate and reported drops of blood in his urine. Allred ultimately diagnosed irritable bladder with no Genitourinary pathology. X-rays of the kidneys, ureter, and bladder were completed with normal findings. Allred also planned to make a non-formulatory request for Detrol, a medication used to treat an overactive bladder. Defendants note that the non-formulatory request was never made because Bureau of Prison ("BOP") health care providers are required to use formulatory alternatives first. Accordingly, Abad was prescribed Doxazosin.

Abad was evaluated again on April 24, 2007, May 16, 2007, and May 21, 2007, after similar complaints. Urinalysis results continued to be normal. Abad's surgical site was noted to have an obvious scar, but no swelling or any signs of infection. Another x-ray of the kidneys, ureter, and bladder was completed on May 16, 2007, with normal findings.

## II.

Inasmuch as defendants have submitted evidence outside the record in support of their motion to dismiss, the court must treat the motion as a motion for summary judgment, applying the standard provided in Federal Rule of Civil Procedure 56. See Fed. R. Civ. P. 12(b). Summary judgment is proper where there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. Upon motion for summary judgment, the court must view the facts, and the inferences to be drawn from those facts, in the light most favorable to the party opposing the motion. United States v. Diebold, Inc., 369 U.S. 654, 655 (1962). Rule 56(c) mandates entry of summary judgment against a party who "after adequate time for discovery and upon motion . . . fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex v. Catrett, 477 U.S. 317, 322 (1986). A genuine issue of material fact exists if reasonable jurors could find by a preponderance of the evidence that the nonmoving party is entitled to a verdict in his favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).

## III.

In 1996, Congress enacted the Prison Litigation Reform Act ("PLRA") in an attempt to reduce the number of frivolous civil rights cases filed by prisoners. In the PLRA, Congress amended 42 U.S.C. § 1997e, the provision relating to prisoners' exhaustion of administrative remedies. This section requires that:

> [n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

This exhaustion requirement, although not a jurisdictional requirement, is a prerequisite to all suits

about prison life, not only to suits under 42 U.S.C. § 1983, whether such suits allege "general circumstances or particular episodes," "excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 524 (2002); see also Anderson v. XYZ Correctional Health Services, Inc., 407 F.3d 674, 677 (4th Cir. 2005). In such a lawsuit, the prisoner must exhaust administrative remedies even if the type of relief he seeks, such as monetary damages, is not offered under the available administrative process. Booth v. Churner, 532 U.S. 731, 734 (2001). A plaintiff's failure to exhaust administrative remedies under § 1997e(a) before filing the lawsuit is an affirmative defense that must be raised and pled by the defendant. Anderson, 407 F.3d at 681. The exhaustion requirement gives prison officials an opportunity to correct their own errors and creates a useful record for use in a subsequent judicial proceeding, should one be warranted. Woodford v. Ngo, 548 U.S. 81, 126 S. Ct. 2378, 2385 (2006). Because "[t]he benefits of exhaustion can be realized only if the prison grievance system is given a fair opportunity to consider the grievance," the grievant must properly comply with the critical procedural rules of the system. Id. at 2388.

To fully exhaust a Bivens claim, a federal prisoner must first properly raise his grievance through all levels of the BOP's Administrative Remedy Program. See 28 C.F.R. §§ 542.10, et seq. If unable to resolve his complaint informally, an inmate may file a formal written complaint on the proper form within twenty calendar days of the date of the occurrence on which the complaint is based. See 28 C.F.R. § 542.14(a). If not satisfied with the Warden's response, the inmate may appeal, using the appropriate form, to the Regional Director within twenty calendar days of the Warden's response. See 28 C.F.R. § 542.15(a). An inmate who is not satisfied with the Regional Director's response may submit a final administrative appeal on the appropriate form to the General Counsel at the BOP's Central Office within thirty calendar days of the Regional Director's response.

FTCA claim exhaustion is different. Claimants seeking to bring an action under the FTCA against the United States for money damages must first present the claim to the appropriate agency and have the claim finally denied by the agency. See 28 U.S.C. § 2675(a); McNeil v. United States, 508 U.S. 106, 113 (1993) (finding that pro se litigants are bound by the requirement of filing an initial claim to appropriate agency).

Defendants contend that Abad has not complied with the exhaustion requirement under § 1997e(a) as to his claims of inadequate medical treatment under Bivens or the FTCA. Sharon Wahl, a Paralegal for the Beckley Consolidated Legal Center, which oversees legal matters arising at various BOP institutions, informs the court by affidavit that records from SENTRY, the online BOP inmate information system, reveal that Abad has filed four administrative remedies regarding his medical care at USP Lee. Abad filed an administrative remedy at the institutional level on December 27, 2006, complaining of inadequate medical care and requesting an examination by an outside specialist. This complaint was denied by Warden Terry O'Brien on January 11, 2007, as it was noted that Abad had been examined and that he did not have a medical condition involving his scalp or urinary complaints for which a consultation with a specialist was medically necessary. Abad's appeal of this response was denied on March 5, 2007, by the Regional Director. Abad appealed the denial to the Central Office level twice; however, both appeals were rejected because Abad failed to attached the requisite copy of the institution-level remedy request. Abad was advised in both instances that he could re-submit his appeal in proper form within fifteen days of the date of the rejection notice. Abad failed to do so and filed no further remedy requests. Ms. Wahl also informs the court that a review of LawPack, the administrative tort claim tracking system, reveals that Abad has not filed an administrative tort claim with the BOP.

The court's review of the record indicates that Abad failed to fully exhaust the administrative remedy procedures available to him regarding his Bivens claims. Abad's own documentation indicates that he had access to the administrative remedy program, but that he failed to properly exhaust it by following the prescribed procedures, which the court has already discussed. Specifically, Abad failed to properly submit his institution-level remedy request with his Central Office appeals despite being informed twice that his appeal was deficient. Abad alleges in his response to the motion for summary judgment that it is his "contention that he fully exhausted his available administrative remedies"; however, Abad fails to address defendants' allegations that he failed to properly submit his Central Office appeals. (Pl.'s Resp. at 7.) Exhaustion of administrative remedy procedures for purposes of § 1997e(a) means using all steps that the agency holds out, and doing so properly. See, e.g., Woodford, 126 S. Ct. at 2387. Abad does not allege specific facts or offer evidence contradicting defendants' evidence that he failed to properly exhaust the administrative remedies available to him through the inmate grievance system, as required by 42 U.S.C. § 1997e(a), regarding his Bivens claims. Accordingly, the court will grant defendants' motion for summary judgment and will dismiss Abad's Bivens claims.[7]

---

[7] Furthermore, even if Abad had properly exhausted his Bivens claims, they would still be dismissed as the court finds that they are insufficient to state possible claims against Fish or Roff. Nothing in Abad's complaint supports the contention that Fish acted with deliberate indifference with regard to Abad's allegedly serious medical needs. See Estelle v. Gamble, 429 U.S. 97, 104 (1976); Farmer v. Brennan, 511 U.S. 825 (1994); see also Rish v. Johnson, 131 F.2d 1092, 1096 (4th Cir. 1997). Fish was aware of and responded adequately to Abad's medical conditions. Abad was examined by Fish on numerous occasions and Fish consistently provided treatment or ordered testing in response to Abad's complaints within a reasonable time period. Specifically, Abad was evaluated on approximately ten occasions, was tested twice for urinary output, had a Foley catheter inserted to measure urine content, was x-rayed on several occasions, and had urinalyses performed on at least three separate occasions. Also, surgery was successfully performed to remove a lipoma on Abad's head, sutures were removed, and when the surgery site was examined, it was noted that the site was healing properly. Abad provides the court with no evidence that the remaining lipomas constitute a serious medical need or that the removal of the lipomas are medically necessary. Moreover, Abad was prescribed medication for his complaints. Abad admits that he is currently being prescribed Doxazosin for his urinary complaints and his medical records, although difficult to decipher, appear to indicate that he was provided with Tylenol and ibuprofen subsequent to complaints of pain. Abad contends that he was not provided with the Doxazosin until he filed this lawsuit;

The court further finds that Abad failed to exhaust his administrative remedies concerning his FTCA claims. As previously noted, a petitioner must file an administrative claim with the appropriate agency prior to initiating litigation concerning the FTCA. See 28 U.S.C. § 2675(a). Abad has not alleged that he has filed an administrative claim, and defendants have provided an affidavit showing that none has been filed. Accordingly, the court must dismiss Abad's FTCA claims under Federal Rules of Civil Procedure 12(b)(1) and (h)(3) for lack of jurisdiction. See Plyler v. United States, 900 F.2d 41, 42-43 (4th Cir. 1990) (finding that the exhaustion of remedies requirement in the context of a FTCA case is jurisdictional).[8]

---

however, the record reflects that Dr. Allred began prescribing the Doxazosin in December of 2006, and Abad's suit was not filed until August of 2007.

    Thus, it is clear that Abad has received prompt, thorough, and continuing treatment for his medical complaints. Abad merely alleges that the treatment was insufficient, not that he was denied medical treatment. Although Abad may be dissatisfied with Fish's diagnosis method or prescribed treatment plan, these complaints amount to nothing more than disagreements between medical staff and an inmate as to proper diagnostic methods and a course of treatment, which are not actionable under the Eighth Amendment. See Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985); see also Webster v. Simpson, 24 F. App'x 452, 453 (6th Cir. 2001) (finding mere disagreement as to adequacy of treatment where inmate suffered from urinary problem but was evaluated by medical staff on numerous occasions and his request for outside treatment was denied because he refused further tests); see also Johnson v. Vo, No. 104CVF5679RECDLBP, 2005 WL 1388574, at *2 (E.D. Cal. June 10, 2005) (finding mere medical disagreement where physician refused to remove inmate's lipoma because the procedure was cosmetic and not medically necessary). Furthermore, to the extent that Abad believes that Fish failed to recognize or treat his medical needs, such disagreement does not rise to the level of a federal constitutional violation. Rather, such a claim would arise, if at all, under state medical malpractice laws and does not present a colorable constitutional claim under Bivens. See Estelle, 429 U.S. at 105-06.

    Finally, Abad fails to adequately allege that Roff personally took any action to deny him medical treatment or to interfere with the treating medical staff. Abad merely complains that Roff failed to direct "his subordinates to provide plaintiff pain medication" and that Roff denied Abad's request to informally resolve his medical complaints against Fish by suggesting that Abad sign up for sick call. (Compl. at 5.) Such claims are insufficient to state a constitutional violation. See Miltier v. Beorn, 896 F.2d 848, 854 (4th Cir. 1990) (to bring an Eighth Amendment claim of deliberate indifference against supervisory prison personnel, an inmate must show that such officials were personally involved with a denial of treatment, deliberately interfered with a prison physician's treatment, or tacitly authorized or were indifferent to the prison physician's misconduct). Moreover, as this court has already noted, Fish's actions or inactions did not result in any constitutional violations; thus, any alleged improper authorization or indifference on the part of Roff, his supervisor, logically fails to state a claim. Id. Accordingly, Abad also fails to state any claim against Roff under Bivens.

[8] In any event, Abad fails to state a claim under ordinary negligence principles. See 28 U.S.C. § 1346(b); Rayonier Inc. v. United States, 352 U.S. 315, 319-20 (1957). To prove negligence under Virginia law, a plaintiff must (1) identify a legal duty of the defendant to the plaintiff, (2) a breach of that duty, and (3) injury to the plaintiff (4) proximately caused by the breach. Talley v. Danek Medical Inc., 179 F.3d 154, 157 (4th Cir. 1999). The court finds that Abad's complaint fails to state a claim for negligence owing to the asserted denial of medical care to which he felt that he was entitled. It is undisputed that medical care was provided to Abad and it is clear to the court that the care Abad

## IV.

For the stated reasons, the court finds that there is no genuine issue of material fact. Accordingly, defendants' motion for summary judgment will be granted. An appropriate Order shall be issued this day.

Plaintiff is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within thirty days of the date of entry of this Memorandum Opinion, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send copies of this Memorandum Opinion and accompanying Order to plaintiff and to counsel of record for defendants.

**ENTER:** This 18th day of March, 2008.

/s/ James C. Turk
Senior United States District Judge

---

received was adequate and was promptly provided. Accordingly, Abad has not stated any viable claims against Fish or Roff under the FTCA.